OREGON CENT. MILITARY ROAD CO. (TILTON v.).  See Case No. 14,055.

OREGON CENT. R. CO. (JONES v.).  See Case No. 7,486.

OREGON CENT. R. CO. (LEWIS v.).  See Case No. 8,329.

OREGON CENT. RY. CO. (NEWBY v.).  See Cases Nos. 10,144 and 10,145.

OREGON CENT. RY. CO. (NIGHTINGALE v.).  See Case No. 10,264.

OREGON CENT. RY. CO. (SAYLES v.).  See Case No. 12,423.

## Case No. 10,562.
### In re OREGON IRON WORKS.
[4 Sawy. 169;[1] 17 N. B. R. 404; 26 Pittsb. Leg. J. 8.]

District Court, D. Oregon.  Jan. 18, 1877.

POSSESSION OF A CHATTEL.—INJUNCTION.

1. A suit in equity cannot be maintained by an assignee to obtain possession of a vessel alleged to belong to the estate of the bankrupt; the remedy is at law.

2. Neither will an injunction be allowed in such case upon the petition of the assignee to restrain the person in possession of such vessel from removing it beyond the jurisdiction of the court; the remedy is replevin.

Petition by the assignee for a writ of injunction.

John W. Whalley, for assignee.

George H. Durham and Rufus Mallory, for defendant.

DEADY, District Judge. The petition of the assignee in bankruptcy of the Oregon Iron Works alleges that said corporation, at the date of the adjudication in bankruptcy, was the owner of a certain unfinished vessel, known as the Revenue Cutter, and that Captain J. W. White obtained possession of the same wrongfully, and now refuses to deliver the same to said assignee, but threatens to take said vessel without the district and beyond the jurisdiction of this court; that by reason of the great value of said vessel, to wit: $70,000, the assignee is unable to give the requisite bonds to institute replevin for said vessel, and concludes with a prayer for an injunction to restrain said White, his servants, etc., from further interfering with said vessel and withholding the possession of the same from the assignee.

Upon an order to show cause why the prayer of the petition should not be allowed, the defendant answered, denying the allegations of the petition and alleging that said vessel was constructed by the bankrupt under a contract with the United States; that on October 1, 1876, the United States was the owner and in possession of said vessel, subject to the right of the bankrupt to complete the same; that on November 2, said bankrupt suspended work upon said vessel, and thereupon surrendered the same to the United States, and that said United States has been in possession since that date, and is now engaged in completing the same, as it has a right to do under said contract. That the defendant is a captain in the United States revenue marine, and that his possession of said vessel and

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

all his acts in reference thereto are held and done by authority of the United States, and not otherwise.

This is a proceeding in equity in a bankrupt court. It is not required to be as formal and plenary as proceedings ordinarily are in courts of equity. In re Wallace [Case No. 17,094]. But nevertheless the proceeding is substantially a proceeding in equity, and the relief sought must be such as belongs to a court of equity to administer upon the facts of the case.

Briefly, the petitioner claims to be the owner of this vessel and entitled to its possession. The United States, by their agent, the defendant, make the same claim. It is therefore a plain case, if the petition be true, for an action at law to recover the possession. The allegation that the petitioner is unable to give bonds to institute an action of replevin does not give him a right to recover the possession in equity. Neither is it necessary to give bonds in any sum to commence an action of replevin; and it is not even alleged that any such action has been commenced. It might be, as suggested by counsel for defendant, that if the assignee had commenced an action of replevin, and the defendant was about to remove the property from the jurisdiction of the court, and the assignee was unable to obtain the necessary bonds in time to have a provisional delivery of the vessel, and thereby prevent its being carried off, that an injunction would be allowed in aid of the action at law to prevent the removal of the property until the assignee could obtain the necessary bonds to take it.

The cases cited by counsel,—In re People's Mail Steamship Co. [Id. 10,970]; In re Ulrich [Id. 14,328],—as authority for this injunction are not in point. In those cases the property was admitted to be that of the bankrupt, and the persons enjoined were seeking to subject it to the exclusive satisfaction of their debts by means of attachments which the law declared void.

Whether the United States is entitled to remove the vessel from this district to complete it, may be a question. But this relief is not sought upon this ground. As has been said, it is a simple case of an attempt to get the possession of a chattel which the assignee claims to own by a suit in equity rather than the appropriate and ordinary remedy of an action at law.

I have not deemed it necessary to consider whether, upon the state of facts disclosed in the answer, the United States have such possession of the vessel as would prevent a suit being maintained against the defendant White, to restrain him in the use and control of it, or an action at law to recover the possession of it. But it appears probable that they have such a possession as would prevent the iron works or its assignee from interfering with the vessel. It is alleged that the United States took possession in pursuance of the contract for the purpose of completing it, with the consent of the iron works, and is now engaged in so doing. It would seem that this is such a possession as cannot be interfered with by the process of a court, at least, at the suit of the iron works or its assignee, irrespective of the question of who is the legal owner of the property.

The motion for injunction is denied, and the restraining order heretofore allowed vacated.