### D. T. ARCHIBALD v. CITIZENS' BANK OF LOUISIANA.

1. LIEN.  *Water craft.   Chapter 55, Code of 1880, construed.*
   Chapter 55, Code of 1880, creates a lien on any water craft in favor of any person for work done on, or materials shipped for, the building of the same, for six months thereafter.

2. SAME.  *Water craft.   Mechanics' lien distinguished.*
   And such lien is separate and distinct from the lien on water crafts provided for in chapter 53, Code of 1880, relating to mechanics' liens, and is not subject to any of the provisions of that chapter.

3. SAME.  *Water craft.   Innocent purchaser.*
   And a purchaser, without notice, of a water craft, with such lien outstanding thereon, takes his purchase *cum onere.*

4. SAME.  *As to water craft.   Chancery.   Jurisdiction.*
   And the lien provided in chapter 55, of the Code of 1880, may be enforced in the chancery court (in the absence of any provision as to the forum for such enforcement), which is the appropriate tribunal for enforcing liens.

APPEAL from the Chancery Court of Jackson County.

HON. SYLVANUS EVANS, Chancellor.

In the latter part of March, 1884, D. T. Archibald delivered to one E. De Smet two barges, admitted to be water crafts, which the former had built for the latter. Soon afterward De Smet sold the barges together with other property, to A. Carriere & Sons, who executed a deed of trust thereon in favor of the Citizens' Bank of Louisiana. On September 1, 1884, Archibald filed a bill to enforce his lien on the barges for one thousand two hundred and seventeen dollars, the amount still due him from De Smet for building them. The Citizens' Bank, De Smet, and Carriere & Sons were made parties defendant. The bill was dismissed as to De Smet, and was taken as confessed as to Carriere & Sons, and the Citizens' Bank answered. The Chancellor rendered a decree for the defendant the Citizens' Bank on the grounds (1) that the bank had no notice of complainant's claim, and was entitled to protection as an innocent purchaser, and (2) that the chancery court had no jurisdiction to enforce the lien, the remedy being at law. The complainant appealed.

*T. W. Brame,* for the appellant.

Has this court jurisdiction to enforce this lien ? Article 1395, Code 1880, is in a separate and distinct chapter from the chapter on mechanics' lien, and while Archibald could have proceeded under the law for the enforcement of mechanics' lien, had he done so, it would certainly have been incumbent upon him to have shown the equity of his claim as being superior to that of the legal title of the Citizens' Bank.

To do this he would have been forced to show either that they had notice of this prior equity or that the bank was not a purchaser *bona fide* for a valuable consideration.

Here, in this proceeding, under article 1395, we do not conceive that such proof is necessary, and that the lien therein given is in this respect far superior to the ordinary mechanics' lien.

The original jurisdiction for the enforcement of liens was vested in the chancery court. See Story's Equity Jur., Book I, article 506. Even liens are personal property. Ib., note 3. Under the

civil and common law there was an equitable lien on personal property for work and labor done thereon. Ib., articles 1240 to 1243. This lien enforced by a sale in equity. Ib., 1216–1220.

But our own State court have held that under statutes giving a mechanic's lien without designating the forum for enforcing the same the chancery court had jurisdiction. *Buck* v. *Brian*, 2 Howard 874, and *Andrews* v. *Washburn*, 3 S. & M. 109.

In *Richardson* v. *Worwick*, 7 How. 131, which was under the act of 1840, the question was raised as to the constitutionality of the same, because it gave the circuit court concurrent jurisdiction with the chancery court to enforce such liens. All the cases conclusively show that where liens of this kind are created by statute, but no mode of enforcing the same is provided, that chancery court has jurisdiction.

*Brame & Alexander*, on the same side.

1. Neither ground upon which the decree of the Chancellor rests is tenable.

That the chancery court has jurisdiction to enforce the lien given by chapter 55 of the code seems manifest. In view of the exclusive jurisdiction of the United States district courts in all matters of admiralty, the codifier in this chapter wisely omitted to provide a remedy by attachment or other proceeding *in rem*. We have, then, a statute giving a lien without prescribing a remedy. In such cases a court of equity in virtue of its general jurisdiction will give relief.

Under a similar statute it has been expressly held in this State that a resort to equity to enforce the lien is proper. *Andrews* v. *Washington*, 3 S. & M. 109 ; *Buck* v. *Brian*, 2 How. 874.

Inasmuch as chapter 53 of the code, in relation to mechanics' liens, embraces, among other things, boats and other water craft, and provides for the enforcement of the same in the circuit court, the Chancellor erroneously supposed that this remedy was applicable for the enforcement of the liens arising under chapter 55.

This construction is based upon an imperfect knowledge of the reason and necessity for inserting the last-mentioned chapter in the code. It was not in the Code of 1871, and we are not to presume

that it was put in the Code of 1880 without a purpose. Yet this would be the case as to work and labor done and materials furnished in building or repairing any kind of water craft should this decision be upheld. That will not do. The court will give such a construction as will give effect to both statutes. Section 1378 of the code, as a part of the mechanics' lien law, gives a lien on *various classes* of property mentioned therein on certain conditions, one of which is that the lien shall not be effectual as to purchasers and incumbrancers in good faith for a valuable consideration without notice, except from the time the contract is filed for record in the office of the chancery court of the county.

Section 1395, *in another chapter*, provides, under *different conditions*, that there shall be a lien on *one* of the classes of property under its provisions, and no restriction is made in favor of innocent purchasers and without the requirement that there shall be any record of the contract.

Now, why is not the remedy, as to the property last mentioned, cumulative in the chancery court under § 1396 of the code ? The last statute gives a distinct right in respect to the particular statute therein embraced, and it is not at all in conflict with the provisions of the other statute. Therefore, as to debts of the character involved here against water craft, the suitor has a choice of remedies and may proceed under either chapter if he has complied with the terms of the law which he invokes.

2. The bill was filed within six months after the debt was due, and there could be no innocent purchaser as against the lien of the complainant. The statute provides that the lien shall exist, and there is no exception in favor of innocent purchasers, as is the case under other provisions of the code where liens are given or recognized. Nor is there any requirement as to filing for record, or other means of constructive notice for the protection of third persons.

*Nugent & McWillie*, for the appellee.

1. On the question of the jurisdiction of the court below to enforce the appellant's lien, if in fact he had any, several important considerations arise. It is true that § 1395 of the code gives a

lien in such case without providing a mode of enforcing it, but § 1378 gives a lien in the same case, and is followed up by another section which prescribes the remedy for its enforcement, § 1384. In respect to the particular lien claimed by the appellant the law has prescribed in express terms where it shall be enforced, and it can surely make no difference that it is done in a portion of the volume where like words conferring it are to be found. It is enough to say *ita lex scripta est.* The right was unknown to the common law, and the lien being purely statutory, the remedy provided by the statute must be strictly pursued. In this respect it is altogether similar to the ordinary mechanics' lien. *Jones* v. *Alexander,* 10 S. & M. 637. "It is purely the creation of the statute and dependent upon it for its force, extent, *and remedy:*" *Dinkins* v. *Bowers,* 49 Miss. 221.

The lien being the creation of the statute and proceedings to enforce it unknown either at law or in equity, it follows that any act required to be done, and which is necessary to its enforcement, is fatal unless strictly performed. No equitable principles exist that can come to the aid of the party having it. *McNeill* v. *Borland,* 23 Cal. 144; *Grant* v. *Vandercook,* 57 Barb. (N. Y.) 165; *Dœllner* v. *Rogers,* 16 Mo. 340.

2. The fact that § 1395 gives a preference to the holders of such claims does not sustain the conclusion appellant reaches. That section gives to the boat-builder a lien upon the boat, and says that it shall be in preference to all other "debts" due and owing by the owner thereof, but does not say that it shall be in preference over all other liens, much less that the owner could not sell or encumber the boat so as to defeat the lien. The preference over all other "debts" is clearly expressed, but the *jus disponendi* in the owner is not disturbed even by implication, if, indeed, we can speak of such a result as ever being affected by implication.

The preference given to such a lien over all other "debts" is perfectly consistent with the provision elsewhere found that it "shall only take effect as to purchasers and incumbrancers in good faith for valuable consideration, without notice of such lien, from the time of filing the contract * * * to be recorded, or of the

commencement of a suit in the proper court to enforce such lien." Section 1378.

*H. C. Miller*, on the same side.

1. The bank stands as an innocent purchaser for a valuable consideration without notice of the complainant's claim, and as such is protected in its title thus acquired.

2. The bill in this case is filed to enforce the lien secured by §§ 1378 and 1395 of the revised Code of 1880. By § 1384 the person claiming the benefit of the lien is required to commence his suit in the circuit court of the county where the property is situated within six months after the time when the money becomes due, and such suit shall be commenced by petition, etc. This section confers the jurisdiction to enforce this lien exclusively on the circuit court where the amount exceeds one hundred and fifty dollars.

It is therefore evident that the chancery court has no jurisdiction of the subject-matter of the suit, and for these reasons I think the bill should be dismissed.

CAMPBELL, J., delivered the opinion of the court.

Chapter 55 of the Code of 1880 creates a lien, *i. e.*, a binding charge, on all water craft, good against all the world, and to continue for six months, in which to commence judicial proceedings in the State or United States court according to the exigency. A purchaser without notice during the existence of the lien takes the subject of his purchase *cum onere.*

The lien may be enforced in a chancery court, the appropriate tribunal for enforcing liens. This chapter is entirely separate from and independent of the mechanics' lien law, chapter 53 of the code, and the lien it creates is not subject to any of the provisions of chapter 53. Its enactment was suggested by the decisions of the Supreme Court of the United States, and the plan adopted to meet them was to create the lien, and leave its enforcement to the appropriate tribunal determinable by the facts of each case.

*Reversed and decree here.*