# JOHN BAIZLEY v. THE BRIG ODORILLA.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF PHILA-
DELPHIA COUNTY.

Argued March 22, 1888—Decided October 1, 1888.

1. A maritime contract does not arise on an agreement to furnish labor and materials for the purpose of building a vessel; and in respect of such contracts, it is competent for the states to create such liens as their legislatures may deem just and expedient, not amounting to a regulation of commerce, and to enact reasonable rules and regulations prescribing the mode of their enforcement, if not inconsistent with the exclusive jurisdiction of the admiralty courts.

2. Where, under the act of June 13, 1836, P. L. 616, a libel is filed for work done and materials furnished, at the instance and request of a master and managing owner, in the completion of a vessel, the hull of which had been brought from another state to this state, and the vessel had not proceeded on her voyage thereafter, the jurisdiction of the admiralty courts is not exclusive and proceedings may be had under said act.

3. [Where the defendant has taken exceptions on the trial, but, the verdict being against him, he is successful on a motion in arrest of judgment, on a writ of error by the plaintiff, the Supreme Court does not protect the right of defendant to a writ as though judgment had been entered on the verdict.]

Before PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; GORDON, C. J., and TRUNKEY, J., absent.

No. 176 January Term 1888, Sup. Ct.; court below, No. 3081, December Term 1873, old D. C.

On January 28, 1874, John Baizley filed a libel, by which, as amended on December 30, 1884, by leave of court, it was averred:

That on or about January 27, A. D. 1874, and during a period of five months preceding, at the port of Philadelphia, your libellant, at the special instance and request of one Captain Holland, master and managing owner of the vessel hereinafter mentioned, furnished materials and performed work and labor in the repairing, fitting, and furnishing and equipping of the brig Odorilla of Philadelphia, of five hundred and fifty

tons and upwards, then lying at a wharf at Philadelphia afore-
said, where she still remains, not having proceeded on her
voyage next after or since the work done and materials fur-
nished as aforesaid. That for his said labor and materials fur-
nished there is due to your libellant the sum of $1,496.77, as
per bill of particulars hereto annexed. Wherefore your libel-
ant prays that the said brig, with her tackle, furniture, and
apparel, may be attached, condemned, and sold by process of
this Honorable Court for payment of the said sum due to him;
and that the said owner or owners, and master and captain,
and all others concerned in said vessel, may be warned to ap-
pear and show cause, etc.

An attachment having issued under the provisions of § 8,
act of June 13, 1836, P. L. 618, a bond was filed under § 11 of
the act and the brig was discharged from the attachment.

On February 10, 1884, A. H. Cain, as managing owner, for
himself and as agent for Wm. J. Holland and others named,
intervening for his and their interests, filed an answer to said
libel, in which it was averred in substance that the respondents,
all of the city of Philadelphia, were sole and exclusive owners of
said brig, at the time said work and materials were alleged to
have been done and furnished; that neither the owners nor
the master thereof ordered said labor or materials, nor was
said brig, at the time a portion of said work and materials
were alleged to have been done and furnished within the com-
monwealth; that by articles of agreement, in writing, respon-
dents contracted with Worden & Evans, of Delaware, to build
and complete said vessel for $22,000; that the alleged work
and materials were done and furnished on the order and credit
of said contractors; that said vessel was built in the state of
Delaware, but in order more conveniently to complete their
said contract, the contractors brought the hull of the vessel to
Philadelphia; that all the work and materials alleged prior to
December 19th were done and furnished in the state of Dela-
ware: "That all the work and materials alleged to have been
done and furnished in the repairing, fitting, furnishing, and
equipping of said vessel, whether prior or subsequent to the
said nineteenth day of December, or whether done and fur-
nished while said vessel was lying in the state of Delaware,

or in the state of Pennsylvania, was done and furnished on the order and credit of said contractors, Messrs. Worden & Evans, and not on the order or contract of the respondents. That by reason of the premises it doth not pertain to this Honorable Court, nor is it within the jurisdiction of the court at all, to enforce the claim of the libelant, nor to call the respondent's ship to judgment in respect thereto."

To this answer a replication was filed, and issue joined to be tried by a jury under § 13 of said act.

At a second trial of the cause on March 22, 1887, the jury rendered a verdict in favor of the plaintiff for $1,420.74. The defendants then filed a motion " for a new trial and in arrest of judgment" with fourteen reasons assigned. These reasons all related to alleged errors in the charge to the jury, upon the facts and law of the case, and none of them raised the question of admiralty or state jurisdiction; one was as follows:

6. Because the learned judge erred in the answer to the defendants' sixth point, which was as follows :—

The fact that plaintiff after instituting this suit against the vessel, began another suit, in personam, against the contractors, Worden & Evans, and took judgment against them for the price of the identical goods mentioned and claimed for in the libel in this suit, is a bar to his recovery in this action. A fact once judicially found estops the party in whose favor it was found, from denying it. The fact found by that judgment was that the goods in question were ordered by Worden & Evans and furnished on their credit.

Answer : I decline to affirm that proposition.

A rule was granted as prayed for.

On June 1, 1887, the court, BIDDLE, J., filing no opinion, discharged the rule for a new trial, but sustained the motion in arrest of judgment.

The plaintiff then took this writ assigning as error the order arresting judgment upon the verdict for the plaintiff.

*Mr. John A. Scanlan* and *Mr. Henry R. Edmunds*, for the plaintiff in error :

1. The libel in this case set out a good and sufficient cause of action under the act of June 13, 1836. A judgment upon the verdict for libelant upon the issues raised by the answer,

ought not to be arrested, except for errors which are apparent on the face of the record. The reasons filed were in effect but reasons for a new trial, and were not reasons why judgment should be arrested: 1 Fish's T. & H. Pr. 619; Stephen on Pleading, 9th Am. ed., 96.

2. It may be contended that the libel shows jurisdiction in admiralty, inasmuch as it is not alleged that the brig was a new and incomplete vessel. The reply to this is: (1) The libel on its face shows that the claim is against a domestic ship in her home port. (2) The answer, by averring that the vessel was new and incomplete and that the hull had been brought to Philadelphia for completion, and the pleading over, cures such defects, if any: Stephen on Pleading, 146, 148.

3. The jurisdiction is in the state courts. Work and materials for the original construction of a vessel, or to a domestic ship in her home port, are not the subject of a lien in admiralty: People's Ferry Co. v. Beers, 20 How. 393; Roach v. Chapman, 22 How. 129; Vandewater v. The Yankee Blade, 1 McAl. 9; In re Glenmont, 32 Fed. R. 703; The General Smith, 4 Wheat. 443; Ex parte Easton, 5 Otto 75; Scull v. Shakespear, 75 Pa. 297.

4. If the court below erroneously arrest judgment upon a verdict upon a writ of error, the Supreme Court will enter judgment upon the verdict: Wilson v. Gray, 8 W. 25.

*Mr. Edward E. Pugh* and *Mr. Henry Flanders*, for the defendant in error:

1. If the structure called the brig Odorilla was a vessel, with a master and managing owner, competent to bind her by their contracts, and it is so alleged, the proceeding must fail because the admiralty courts alone have jurisdiction of such cases: The Lottawana, 21 Wall. 559; The Moses Taylor, 4 Wall. 411; The Hine v. Trevor, 4 Wall. 555. And if the brig was not a vessel, and is subject to the jurisdiction of the state courts, then no act of Holland could bind her. He could not bind her as master, because an incomplete structure intended to become a vessel can have no master. A "managing owner" exists by virtue of an act of congress, and with reference to a vessel of the United States; while if a vessel is to be builded, her owners and all of them shall make the contract. The

owners of a vessel are not partners, but co-tenants: 1 Parson's Ship. & Adm. 90; Desty, Ship. & Adm. § 31; Paynter v. Paynter, 7 Phil. 336; Knox v. Campbell, 1 Pa. 366.

2. The facts set out in the defendant's sixth point, and in evidence, showed that the question was res adjudicata. The whole inquiry was, to whom was credit given? In a solemn proceeding at law it had been established that the credit was given to Worden & Evans, the contractors. Besides, while the fact is, as shown by the judgment against Worden & Evans, that they contracted the debt, the libel alleges that it was contracted by Holland, a managing owner. Therefore, the libelant is estopped to affirm that Worden & Evans were the owners.

3. The defendants took numerous exceptions to the admission of evidence and the charge of the court. Their bill of exceptions has been sealed and the cause would have been brought before this court, if judgment had been entered upon the verdict. Even if this court should reverse upon the present writ, which, however, is not conceded as even probable, the right of defendant to sue out a writ should be protected.

OPINION, MR. JUSTICE STERRETT:

In this proceeding by attachment under the act of June 13, 1836, giving to mechanics and material-men a lien against vessels built, repaired, or fitted within this commonwealth, the issues of fact presented by the pleadings were tried by jury and verdict for $1,420.74 rendered in favor of plaintiff. Defendants thereupon moved for a new trial and in arrest of judgment. The joint reasons that were filed purport to be in support of both motions, but in fact they appear to have little or no bearing on the motion in arrest of judgment. The rule for new trial was discharged, and the motion in arrest of judgment was sustained. In the absence of an opinion or anything to indicate the ground on which the court acted, we are at a loss to understand why the judgment was arrested; but, it must be presumed, the learned judge thought there was enough on the face of the record to show that plaintiff was not entitled to judgment. The sole question is, whether he erred in that conclusion.

The libel as amended is in the usual form under the act,

setting forth that, "on or about January 27, 1874, and during a period of five months preceding, at the port of Philadelphia, libelant, at the instance and request of one Captain Holland, master and managing owner of the vessel, . . . . . furnished materials and performed work and labor in the repairing, fitting, furnishing, and equipping of the brig Odorilla, of Philadelphia, . . . . . then lying at a wharf at Philadelphia aforesaid, where she still remains, not having proceeded on her voyage next after or since the work done or material furnished as aforesaid," with bill of particulars, etc., amounting in all to $1,496.77, and praying attachment, condemnation, and sale of the vessel.

Respondents filed an answer, traversing some of the allegations of fact, making independent averments, etc., in which they aver they are "all of the city of Philadelphia: were the sole and exclusive owners of the vessel at the time the said work and materials are alleged to have been done and furnished; that neither the owners nor the master ordered said labor and materials, nor was said vessel, at the time a portion of said work and material was alleged to have been done and furnished, within the commonwealth." They further aver that they "contracted with Worden & Evans of Delaware, to build and complete said vessel for $22,000;" "that the alleged work and materials were done and furnished on the order and credit of said contractors; that said vessel was built in the state of Delaware, but, in order more conveniently to complete their contract, the contractors brought the hull of the vessel to Philadelphia;" "that by reason of the premises it doth not pertain to this Honorable Court, nor is it within the jurisdiction of the court to enforce the claim of libelant, nor call respondents' ship to judgment in respect thereto." To that answer there was a general replication, and issue was joined to be tried by jury. The questions of fact thus put in issue by the pleadings, so far as they are material to plaintiff's case, were decided in his favor by the verdict. Prima facie he was entitled to judgment, and the only question presented for our consideration is whether the court erred in arresting the judgment. It undoubtedly did, unless the record presents a maritime case in which the United States Court had exclusive jurisdiction.

It is not distinctly averred in the libel that the brig in ques-

tion was a new vessel in course of construction, completion, and equipment, preparatory to her first voyage; but any doubt that might otherwise exist as to those facts, is dispelled by the averment in the answer above quoted, to the effect that the new hull of the vessel was brought to Philadelphia for the purpose of more conveniently completing and equipping her. Taking the libel and answer together, and bearing in mind that such questions of fact as were put in issue by the pleadings have been settled by the verdict.in favor of plaintiff, the record appears to present a case that is clearly within the purview of the act of assembly, and not within the exclusive jurisdiction of the Federal Courts. The distinction appears to be recognized in the following among other cases: Ferry Company v. Beers, 20 How. 393; Roach v. Chapman, 22 How. 129; Edwards v. Elliott, 21 Wall. 582. In the latter it was held, that a maritime contract does not arise on an agreement to furnish materials for the purpose of building a ship; and, in respect of such contracts, it is competent for the states to create such liens as their legislatures may deem just and expedient, not amounting to a regulation of commerce, and to enact reasonable rules and regulations prescribing the mode of their enforcement, if not inconsistent with the exclusive jurisdiction of the admiralty courts. As the record stands, plaintiff was entitled to judgment on the verdict in his favor.

> Judgment reversed, and judgment on the verdict in favor of plaintiff for $1,420.74, with interest from 22d March, 1887, the date of verdict, and costs.