CHARLES KORNOSKY v. HARRY HOYLE.

[52 South. 481.]

MARITIME LIENS. *Statutory provisions. Code* 1906, §§ 3085, 3086, 3087. *Not exclusive.*

The lien and remedy given by Code 1906, §§ 3085–3087, on water craft, for work done or materials supplied in building, repairing, and furnishing the same, does not abrogate the common-law right of lien for services in the repair of a boat while it remains in the possession of the repairer, carrying with it the right to hold the boat till the charges are paid.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Hoyle, appellee, was plaintiff in the court below; Kornosky, appellant, a ship carpenter, was defendant there. From a judg-

ment in plaintiff's favor defendant appealed to the supreme court.    The facts, as stated by ANDERSON, J., are as follows:

"This is a replevin suit, in the circuit court of Harrison county, for a gasoline launch, by the appellee, Hoyle, against the appellant, Kornosky.    There was a verdict and judgment in the court below in favor of the appellee, from which this appeal is prosecuted.    The appellee owned a boat, and employed the appellant, who was a boatwright, to remodel and repair the boat and install a gasoline engine therein, agreeing to pay therefor what was reasonable.    The appellant did the work, furnishing some of the materials.    While the work was in progress the appellee made payments.    When it was finished, the balance due appellant was $142.91.    On trial, the appellee introduced no testimony, except an agreement of counsel that the legal title to the boat was in the appellee.    The appellant and one Wright testified as to the labor performed, material furnished, and the balance due, and that payment was demanded of appellee, which was refused.    The appellee sued out a writ of replevin for the boat, and gave bond therefor, and removed it to the state of Louisiana.    The appellant had refused to give up the boat until the amount due him for labor and materials performed and furnished in the repair of the boat had been paid, claiming a lien therefor.    There was no conflict in the testimony, only a question of law being involved.    The court instructed the jury to find a verdict for the appellee.    The appellant requested a peremptory instruction, which was refused."

*T. H. Barrett* and *J. L. Taylor,* for appellant.

Under the common law, when property is turned over to a bailee to be repaired, the party repairing it has a lien on that property so long as it is in his possession, and he has a right of possession for the purpose of enforcing that lien.    If the owner of the property could by replevin get possession of the property

and take it out of the state and defeat that lien, the lien would be worthless.

The common law is not abrogated by chapter 85 of the Code of 1906. The said chapter is merely cumulative and the common-law lien given a mechanic on the thing repaired remains in force so long as the mechanic has possession of the property repaired. Chapter 85 of the code gives further protection to those who work on ships, boats or other water craft, or furnishes provision therefor in case the ship, vessel, or other water craft is not put in the possession of the party working, furnishing material, etc., and who would not have lien by reason of possession. Usually ships, steamboats, etc., are of such a nature that they are not delivered to the carpenter who is called on to repair them or to the furnisher who is required to furnish them, but the owners or masters remain in possession and a common-law lien would not accrue.

Code 1906, § 3086, does not provide the only way by which the lien can be enforced, but provides that it may be enforced in the manner therein provided, leaving the party having the lien other ways of enforcing it.

Under the common law appellant was entitled to possession of the property until amount due him was paid in full.

Defendant having a lien both under the statute and at common law had a legal right to the possession of the boat.

*W. G. Evans* and *T. A. Hardy,* for appellee.

The appellant has no possessory lien, but only a right to a lien, not a possessory one, but a lien which must be brought into exercise by a proceeding in court; and appellant was not entitled to hold the boat, and the ruling of the court below in this case was correct, and appellee was entitled to the peremptory instruction given.

Code 1906, § 3085, declares a lien on "all ships, steamboats,

and other water craft for work done or material supplied, etc."
And § 3086, immediately following, declares that "the lien
herein provided may be enforced and judgment had in the same
manner as the lien for purchase money is enforced under the
provisions of the chapter on lien for purchase money of goods."

If we turn to the chapter on the lien for purchase money of
goods we ascertain how to proceed to enforce a water-craft lien.
Section 3080 of this chapter, 83, provides the method of pro-
cedure which we must follow if we would attach our lien to a
water craft. This section stipulates that the seller, etc., "who
shall be about to begin suit for the purchase money thereof, may
file with his declaration or evidence of debt an affidavit designat-
ing the property sought to be subjected, and averring therein the
liability of the property, in whole or part, for the debt sued on;
whereupon the clerk of the court, or the justice of the peace in
cases before him, shall issue a writ of summons and seizure,
commanding the officer to seize the property and deal with it,"
etc.

Is not the remedy herein stipulated for a lien on water craft
adequate, full and complete and exclusive? Is it necessary to
resort to the common law to ascertain rights and how to pro-
ceed? Has not the legislature amply advised a shipwright his
method of procedure in the premises?

But counsel for appellant contend that he has a possessory
lien on this water craft, by virtue of Code 1906, § 3075, "Liens
of mechanics and materialmen." This contention is in the
face of the decision of this court in *Archibald v. Citizens' Bank*,
64 Miss. 523.

ANDERSON, J., after stating the facts as above, delivered the
opinion of the court.

The court below held that chapter 85, Code of 1906, which
gives a lien, and a remedy therefor, on watercraft for work done

or materials supplied in building, repairing, and furnishing the same, was appellant's only remedy for the collection of the amount due him by appellee. In so holding the court' erred. At common law the appellant had a possessory lien for work done and materials furnished in repairing the boat, carrying with it the right to hold the same against the owner until his charges were paid. "It is a principle of the common law that every man who has lawful possession of a chattel upon which he had expended his money, labor, or skill at the request of its owner, thereby enhancing its value, may retain it as security for his debt. This right extends to all such manufacturers, tradesmen, and laborers as receive chattels for the purpose of repairing or otherwise improving their condition." 19 Am. & Eng. Ency. of Law (2d ed.) 8. "There is a lien at common law for the building of a ship, if the shipwright has not parted with the possession thereof, and the owner's assignee in bankruptcy cannot take the ship without paying all that is due for her construction." 19. Am. & Eng. Ency. of Law (2d ed.) 1090.

Chapter 85, Code 1906, does not abrogate the common-law right. On the other hand, its purpose is to enlarge the same, and give a better remedy, though not exclusive. The court below should have given the peremptory instruction requested on behalf of the appellant. Under the facts in this record, the appellant is entitled to judgment against the appellee and his bondsman for the return of the boat, or, in lieu thereof, for the amount of his indebtedness, with six per cent. interest thereon, from the time it was due, with costs.

*Reversed and remanded.*