(87 South. 597)

### LEVER TRANSP. CO. v. OLLINGER.
(1 Div. 131.)

(Supreme Court of Alabama. Nov. 11, 1920.)

Maritime liens ☜17—Statute valid only if limited in application to vessels built or repaired in "home ports."

Code 1907, § 4790, creating a lien on vessels for work done or materials supplied in building or repairing them, is valid in relation to federal maritime laws and jurisdiction only if limited in its application to vessels built, repaired, or equipped in their home ports; the "home port" being where the owner or some part owner has his home, and a vessel in building, as soon as it takes shape, being domesticated in the port where its owner lives.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Home Port.]

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

---

Bill by Harry W. Ollinger against the Mississippi Shipbuilding Corporation, the Lever Transportation Company, and another to fasten a lien upon the Elizabeth Ruth for materials furnished in constructing the vessel. From decree overruling demurrers to the bill, respondent Lever Transportation Company appeals. Reversed and rendered.

The bill alleges that the Mississippi Shipbuilding Corporation began the building at Biloxi, in the state of Mississippi, of the schooner Elizabeth Ruth; that the schooner was not completed at Biloxi, but was taken to Mobile, in the state of Alabama, and was there completed; and that in and about the building of said schooner the said Mississippi Shipbuilding Corporation bought from complainant, who resides in and has his place of business at Mobile, Ala., sundry materials and supplies, and that complainant furnished the materials and supplies and did sundry work for and on said schooner, in the amount of $747.28, and that complainant had never been paid for these supplies and this work. Bill further avers that the schooner arrived in Mobile on July 8, 1918, having left Biloxi some days prior thereto, and that all the materials and supplies furnished and all the work and labor done by complainant for and on said vessel was while said vessel was at Mobile, Ala. It is further alleged that after the ship was in building the shipbuilding company entered into a verbal agreement or an executory contract of sale with the Lever Transportation Company, a corporation domiciled in the state of Maine, for the sale of said vessel when it should be completed, and other things not necessary to be here set out.

Harry T. Smith & Caffey, of Mobile, for appellant.

For an excerpt of the brief filed in this case, see brief for appellant in the case of Lever Transportation Company v. Standard Supply Company, post, p. 24, 87 South. 598.

Stevens, McCorvey & McLeod and Palmer Pillans, all of Mobile, for appellee.

For an excerpt of the brief filed in this case, see brief for appellee in the case of Lever Transportation Company v. Standard Supply Company, post, p. 24, 87 South. 598.

SOMERVILLE, J. The judgment in this case must be reversed on the authority of Scatcherd Lumber Co. v. Rike, 113 Ala. 555, 21 South. 136, 59 Am. St. Rep. 147. That case was a bill in equity to declare and enforce a lien, under section 3054 of the Code of 1886 (now section 4790 of the Code of 1907), upon a steamboat, owned by nonresidents, plying the Tennessee, for labor and materials furnished for its necessary repair at Decatur, Ala.

After a full consideration of the statute in its relation to federal maritime laws and jurisdiction, it was held that it was a valid statute only if it were limited in its application to vessels built, repaired, or equipped in their home ports; and it was deliberately thus interpreted and construed. It has been twice readopted with that interpretation and construction thus impressed upon it, and its meaning in that regard is no longer a subject of judicial inquiry. Southern Ry. Co. v. Moore, 128 Ala. 434, 450, 29 South. 659.

It is true that in the Rike Case the asserted lien was for labor and materials for repairs, while here it is for supplies and materials for original construction. But, so far as this phase of its application is concerned, the phraseology of the statute permits of no distinction between repairs or supplies and original construction.

The exigencies of the decision in the Rike Case demanded an interpretation of legislative intent with respect to the application of the entire statute, and the interpretation there announced is manifestly indivisible.

It would seem that a statute giving a lien for labor or materials for the original construction of maritime vessels in Alabama, though the owners resided elsewhere, would not conflict with federal laws or jurisdiction. Edwards v. Elliott, 88 U. S. (21 Wall.) 532, 22 L. Ed. 487; Baizley v. The Odorilla, 121 Pa. 231, 15 Atl. 521, 1 L. R. A. 505, and note; Scatcherd Lumber Co. v. Rike, 113 Ala. 555, 561, 21 South. 136, 59 Am. St. Rep. 147. But we cannot thus reconstruct our statute, which must be the work of the Legislature.

It is suggested for the appellee that a vessel in the building cannot be said to have acquired a home port, and hence cannot be amenable to any distinction based upon its situs, wherever its owner or builder may reside. But in the Rike Case it was held, in accordance with the general rule, that the "home port" is where the owners, or some part owner, has his home. In that sense, we see no reason why a vessel, as soon as it is cognizable as such, may not be said to be domesticated at the port where its owner lives, and to be at a foreign port when it goes elsewhere, whether completed or not.

It appears from the bill of complaint that Mobile was not the home port of this vessel, and that it was therefore not subject to the asserted lien. The demurrer should have been sustained, and a decree so ordering will be here rendered.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.