(87 South. 598)

## LEVER TRANSP. CO. et al. v. STANDARD SUPPLY CO. (1 Div. 145.)

(Supreme Court of Alabama. Nov. 11, 1920.)

**1. Maritime liens ⬗16—Contracts for shipbuilding not of maritime nature.**

Contracts for shipbuilding are not of a maritime nature, and enforcement of a lien for materials furnished without regard to the residence of the owner of the vessel would not conflict with federal laws or jurisdiction.

**2. Maritime liens ⬗16—State may enforce maritime lien for materials used in construction of ship.**

There being no maritime lien under federal law for materials and supplies furnished and work done in construction or building of a ship, the state may provide and enforce such a lien despite act of Congress of June 23, 1910, which affected only the state statute as related to repairs on completed vessels, and not to a lien in the construction of vessels.

**3. Maritime liens ⬗46—Fact ship taken from Mississippi to Alabama and there completed did not defeat materialman's lien.**

The fact that a vessel was not completed in a port in Mississippi, as contemplated by contract, but was taken to a port in Alabama and there completed, did not defeat the shipbuilder's material lien, declared to exist under the laws of force in Mississippi, for materials and supplies furnished under the contract with the constructing owner.

**4. Maritime liens ⬗62—Bill to enforce would have been bad had not claimants of interest been made parties.**

In suit to enforce a materialman's lien for supplies and materials used for original construction of a vessel, the bill would have been bad for lack of proper parties had not certain parties, brought into the litigation by the allegation they claimed some right or interest in the vessel, been made parties respondent.

**5. Maritime liens ⬗64—Companies claiming interest in vessel must set up claims by affirmative allegation in answer.**

In suit to enforce a maritime lien for supplies furnished in construction of a vessel, the claim of companies to whom the vessel was to be sold, when completed, must be set up by way of affirmative allegation in the answer, in order that the merits of their claim may be determined on final hearing and that complete relief be given by the final decree.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill by the Standard Supply Company against the Mississippi Shipbuilding Corporation and the Lever Transportation Company, to enforce a lien, under section 3085 of the Mississippi Code, for materials and supplies furnished in the construction of a vessel. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

Harry T. Smith & Caffey, of Mobile, for appellants.

It is thoroughly settled in Mississippi that the lien provided attaches only when the supplies are furnished under a contract with its owner. 77 Miss. 912, 28 South. 720; 90 Miss. 737, 44 South. 65; 61 Miss. 509. Any statute that would undertake to authorize a lien upon a vessel without the consent of the owner would be unconstitutional. 88 Ala. 500, 7 South. 194; 106 Ala. 520, 17 South. 707; 116 Ala. 253, 22 South. 555. The lien does not attach unless and until the goods are actually used upon the boat. 105 Ala. 361, 17 South. 216; 99 Ala. 246, 13 South. 506. It therefore follows that the court was in error in overruling the demurrers.

Palmer Pillans and Stevens, McCorvey & McLeod, all of Mobile, for appellee.

In the absence of a maritime law, it is competent for the state to affix a lien and provide for its enforcement, and the "home port" doctrine is not applicable here. Section 4790, Code 1907. One contracting with the builder is contracting with the owner and is within the statute. 35 N. J. Law, 265; 36 N. J. Law, 449, 13 Am. Rep. 463; 16 Gray, 514. The bill complies with the statute and with the authorities. Section 3094, Code 1907; 35 Ala. 70; 73 Ala. 393; 34 Ala. 85; 202 Ala. 43, 79 South. 383. No maritime law exists, giving a lien for material and supplies furnished and work done in the building of a vessel; and this is true as well after her launching as before. 113 Ala. 561, 21 South. 136, 59 Am. St. Rep. 147; 205 U. S. 354, 27 Sup. Ct. 509, 51 L. Ed. 836; 20 How. 393, 15 L. Ed. 961; (D. C.) 17 Fed. 460; 24 Or. 121, 32 Pac. 1040, 41 Am. St. Rep. 838; 173 Fed. 475, 97 C. C. A. 477; 185 Mich. 200, 151 N. W. 660; 61 Fed. 860. This being true, state courts necessarily have the jurisdiction to enforce and fix liens created by their statutes. Authorities supra.

THOMAS, J. [1] A bill was filed in Mobile county to enforce a materialman's lien for supplies and materials furnished and used for original construction in the building of the schooner Elizabeth Ruth. A case pertaining to the same vessel and materials furnished and used in its construction at Mobile is Lever Transportation Co. v. Ollinger, 87 South. 597,[1] decided at this term, where the question of jurisdiction under the Alabama statute was declared. The observations made of the Alabama statute (Code, § 4790), under the former construction placed thereon by this court, and its limitation to supplies and materials used in the building and repairs made in the "home port" are without application to the instant suit. The Mississippi court has not so construed the statutes

---

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 22.

of that state, giving a lien for labor and materials for and used in the original construction of vessels in Mississippi, when the owner resided elsewhere. The enforcement of such lien in Mississippi without regard to the residence of its owner would not conflict with federal laws or jurisdiction, for contracts for shipbuilding are not of a maritime nature. Edwards v. Elliott et al., 88 U. S. (21 Wall.) 532, 22 L. Ed. 487; Elliott v. Edwards, 35 N. J. Law, 265; In re Oregon Iron Works, 4 Sawy. 169, Fed. Cas. No. 10,562; Davis v. Mason, 44 Ark. 553, 555; Warren v. Kelley, 80 Me. 512, 525, 15 Atl. 49; Atlantic Works v. Tug Glide, 157 Mass. 525, 528, 33 N. E. 163, 34 Am. St. Rep. 305; Globe Iron Works Co. v. The John B. Ketcham, 2d, 100 Mich. 583, 589, 59 N. W. 247, 43 Am. St. Rep. 464; Andrews v. Durant, 11 N. Y. 35, 62 Am. Dec. 55; Steamer Petrel v. Dumont, 28 Ohio St. 602, 618, 22 Am. Rep. 397; Baizley v. The Odorilla, 121 Pa. 231, 237, 15 Atl. 521, 1 L. R. A. 505; Keating v. Spink, 3 Ohio St. 105, 62 Am. Dec. 214, and notes. The case of McDonald v. The Nimbus, 137 Mass. 360, 363, holding that no lien can be enforced in the state of Massachusetts for materials furnished and used in the construction of a vessel in another state, is in line with Scatcherd Lbr. Co. v. Rike, 113 Ala. 555, 21 South. 136, 59 Am. St. Rep. 147.

[2] An examination of the foregoing cases discloses that it has been the admitted and recognized rule of federal jurisprudence, since the decision in The General Smith (1819) 4 Wheat. 438, 443, 4 L. Ed. 609, that so long as Congress does not interpose by general law to regulate the subject, the state (although it cannot create a lien and attach it to a service or contract not maritime in its nature and thereby extend the jurisdiction of the United States courts) may extend a lien based upon a maritime service or contract to parties thus furnishing such repairs or necessaries to such vessel; that is, a contract for building a ship or supplying materials for her construction is not a maritime contract and may be enforced in the state court. The Belfast, 7 Wall. 624, 644, 19 L. Ed. 266; The Lottawana, 21 Wall. 558, 580, 22 L. Ed. 654; People's Ferry Co. v. Beers, 20 How. 393, 15 L. Ed. 961; Roach v. Chapman, 22 How. 129, 16 L. Ed. 294; Foster v. The Richard Busteed, 100 Mass. 409, 1 Am. Rep. 125; Wilson v. Lawrence, 82 N. Y. 409. There being no maritime lien for materials and supplies furnished and work done in constructing or building a ship, the state may provide and enforce such lien. The foregoing rule, given statement in Edwards v. Elliott et al., supra, permitting the enforcement of a shipbuilder's lien under the statute of the state, has been followed in The Winnebago, 205 U. S. 354, 27 Sup. Ct. 509, 51 L. Ed. 836; Knapp v. McCaffrey, 177 U. S. 638, 643, 20 Sup. Ct. 824, 44 L.

Ed. 921; Rounds v. Cloverport Fdy. & Mach. Co., 237 U. S. 303, 307, 35 Sup. Ct. 596, 59 L. Ed. 966; North Pac. S. S. Co. v. Hall Bros., etc., Co. 249 U. S. 119, 39 Sup. Ct. 221, 63 L. Ed. 510. The act of Congress of June 23, 1910, only affected the state statute as related to repairs on completed vessels, and not for a lien in the construction of vessels. Act Cong. June 23, 1910 (36 Stat. at L. 604 [U. S. Comp. St. §§ 7783–7787]); The Oceana, 244 Fed. 82, 156 C. C. A. 508; Perkins v. The Golden Girl, 185 Mich. 200, 151 N. W. 660.

The bill set out the statutes of Mississippi (Code 1906, §§ 3080, 3081, 3085, 3086), and the construction of like provisions of the Code of 1880 of that state by the Supreme Court thereof, giving the chancery court jurisdiction to enforce such lien, the justice saying:

"Chapter 55 of the Code of 1880 creates a lien, i. e., a binding charge, on all water craft, good against all the world, and to continue for six months, in which to commence judicial proceedings in the state or United States court according to the exigency. A purchaser without notice during the existence of the lien takes the subject of his purchase cum onere. The lien may be enforced in a chancery court, the appropriate tribunal for enforcing liens. This chapter is entirely separate from and independent of the mechanic's lien law, chapter 53 of the Code, and the lien it creates is not subject to any of the provisions of chapter 53. Its enactment was suggested by the decisions of the Supreme Court of the United States, and the plan adopted to meet them was to create the lien, and leave its enforcement to the appropriate tribunal determinable by the facts of each case." Archibald v. Citizens' Bank of La., 64 Miss. 523, 1 South. 739.

After the adoption of the Code of Mississippi of 1906, containing section 3086, that court, in Kornosky v. Hoyle, 97 Miss. 562, 52 South. 481, said:

"The court below held that chapter 85, Code of 1906, which gives a lien, and a remedy therefor, on water craft for work done or materials supplied in building, repairing, and furnishing the same, was appellant's only remedy for the collection of the amount due him by appellee. In so holding the court erred. At common law the appellant had a possessory lien for work done and materials furnished in repairing the boat, carrying with it the right to hold the same against the owner until his charges were paid. 'It is a principle of the common law that every man who has lawful possession of a chattel upon which he has expended his money, labor, or skill at the request of its owner, thereby enhancing its value, may retain it as security for his debt. This right extends to all such manufacturers, tradesmen, and laborers as receive chattels for the purpose of repairing or otherwise improving their condition.' 19 Am. & Eng. Ency. of Law (2d Ed.) 8. 'There is a lien at common law for the building of a ship, if the shipwright has not parted with the possession thereof, and

the owner's assignee in bankruptcy cannot take the ship without paying all that is due for her construction.' 19 Am. & Eng. Ency. of Law (2d Ed.) 1090. Chapter 85, Code 1906, does not abrogate the common-law right. On the other hand, its purpose is to enlarge the same, and give a better remedy, though not exclusive. The court below should have given the peremptory instruction requested on behalf of the appellant. Under the facts in this record, the appellant is entitled to judgment against the appellee and his bondsman for the return of the boat, or, in lieu thereof, for the amount of his indebtedness, with 6 per cent. interest thereon, from the time it was due, with costs."

The averments of the amended bill as to the contents of the foregoing Mississippi statutes, touching the building, furnishing, and supplying of vessels, so construed are as follows:

" '3085 (2725) *Lien Declared.*—There shall be a lien on all ships, steamboats and other water craft for work done or materials supplied by any person in this state for or concerning the building, repairing, fitting, furnishing, supplying or victualing such ships, steamboats, or other water craft, and for the wages of the persons employed on board such vessel, boat, or craft, for work done or service rendered, in preference to all other debts due and owing from the owners thereof.

" '3086 (2726) *How Enforced.*—The lien herein provided may be enforced and trial and judgment had in the same manner as the lien for purchase money is enforced under the provisions of the chapter on lien for purchase money of goods.'

"The foregoing statutes hereinabove quoted and set out constitute sections of chapter 85 of the Code of Mississippi of 1906. The 'chapter on lien for purchase money of goods' referred to in section 3086 of the Code of Mississippi quoted and set out in full above is chapter 83 of the said Code. The provisions of that chapter which have to do with enforcing the lien for the purchase money of goods are contained in sections 3080 and 3081 of the said Code of Mississippi. These sections are as follows:

" '3080 (2720) *Proceedings to Enforce.*—Any seller of personal property, or his assigns, who shall be about to begin suit for the purchase money thereof, may file with his declaration or evidence of debt an affidavit designating the property sought to be subjected and averring therein the liability of the property, in whole or part, for the debt sued on; whereupon the clerk of the court, or justice of the peace in cases before him, shall issue a writ of summons and seizure, commanding the officer to seize the property and deal with it as in the case of an attachment for debt, and to summon the defendant as in other cases. The defendant may 'replevy the property as in case of attachment against debtors.

" '3081 (2721) *Trial and Judgment.*—If, upon the trial, it be found that the plaintiff is entitled to recover and to subject the property to the payment of his debt, judgment shall be rendered against the defendant for the debt and costs and also for the condemnation and sale of the property for the payment of the same, or such part thereof as it may be found liable for; and if the defendant have given bond for the property, and the judgment and costs be less than the assessed value thereof, judgment shall be rendered against the defendant and the sureties on his bond for the debt and costs; but if the judgment be greater than the value of the property, the judgment shall be for the redelivery to the officer of the property, or, in default thereof, 'for its assessed value and costs. If the plaintiff prove his debt, but fail to establish the lien on the property, he shall have judgment only for the debt, and shall pay all costs incident to the seizure of the property.'

"Chapter 85 of the Code of Mississippi of 1906, as hereinbefore quoted and containing the sections applicable to the lien involved in this case, is identical with chapter 55 of the Code of Mississippi of 1880, except for the provisions which are contained in section 3086 of the Code of Mississippi of 1906 hereinbefore quoted and set out."

It is specifically averred in the bill as last amended that—

"After the adoption of the Code of Mississippi of 1906, containing section 3086, the Supreme Court decided, in the case of Kornosky v. Hoyle, reported in the 97 Miss. 562, that, notwithstanding the existence of chapter 85 and the provisions therein contained, a lienor having the property still in his possession might enforce his common-law lien; that the purpose of the statute was not to abrogate existing rights, but to enlarge them and give a better remedy, but not an exclusive remedy."

A further amendment to the bill declared that theretofore the Mississippi Shipbuilding Corporation, engaged in business at Biloxi, Miss., but chartered and domiciled in another state of the Union, was engaged in building for its own account as owner, at said point in the state of Mississippi, the four-masted, schooner-rigged, auxiliary sailing vessel in question, and in and about such building bought from orator, who furnished to the said Shipbuilding Corporation sundry materials and supplies between the dates of February 20 and August 2, 1918, both inclusive; that said materials and supplies bought as aforesaid and furnished by orator were bought by and furnished to the owners of said vessel building as aforesaid (the Elizabeth Ruth); and "that the materials and supplies so bought and furnished as aforesaid were furnished for use in and were used in the building, fitting, furnishing, and supplying the said schooner."

It had been theretofore averred that after said Mississippi Shipbuilding Corporation had commenced the building of the said ship and before her completion said corporation entered into an executory contract of sale with Lever Bros. Company, a corporation organized and existing under the laws of the state of Maine, by which said shipbuilding corporation undertook to sell and deliver the

said vessel to Lever Bros. Company when said vessel should be completed; that it was on the 25th day of January, 1918, that said Lever Bros. Company made an initial payment of $50,000, and by the terms of said contract was to become at once a part owner to that extent.

[3] The fact that the Elizabeth Ruth was not completed at Biloxi, Miss., as contemplated by contract, but was taken to Mobile, in the state of Alabama, and there completed —arriving at the latter port on the 8th day of July, 1918, having left Biloxi about a week prior to such time—did not defeat the shipbuilder's material lien, declared to exist under the laws of force in the state of Mississippi as construed by the Supreme Court of that state, for the sundry materials and supplies averred to have been furnished as per contract with the constructing owner between the dates of February 20 and August 2, 1918, both inclusive, and were used in building, fitting, furnishing, and supplying the said schooner.

[4, 5] The original bill does not show that the vessel was the property of Lever Bros. Company or Lever Transportation Company, nor does it show that the Mississippi Shipbuilding Corporation had parted with its title before the contract was entered into under and by which the supplies and materials were furnished by Standard Supply Company to the constructing owner. The averments of the executory contract to build a vessel by the owners; Lever Bros. Company and the Lever Transportation Company are brought into the litigation by the allegation that they are alleged to be making claim to some right, title, or interest in the schooner; and the bill (in equity) would have been bad for the lack of proper parties, had they not been made parties to the litigation, corespondents with the Mississippi Shipbuilding Corporation. Lebeck v. Ft. Payne Bank, 115 Ala. 447, 22 South. 75, 67 Am. St. Rep. 51; Town of Carbon Hill v. Marks, 86 South. 903.[2] The averments of the bill declare the furnishing of materials, etc., to the owner and builder of the vessel, who was under an executory contract to sell the same when completed to Lever Bros. Company or Lever Transportation Company, thus making Lever Bros. Company and Lever Transportation Company necessary parties defendant—parties averred as claiming some right, title, or interest in the schooner—and giving them the opportunity to assert their superior right, if such they had. The latter's claim must be set up by way of affirmative allegation in answer of the respective parties, in order that the merits of their claim may be determined on final hearing and that complete relief may be given by the final decree. Morris v. Southern Realty & Construction Co., 203 Ala. 600, 84 South. 809. The Mississippi statutes gave a lien for the ma-

terials and supplies furnished and used in the building of a vessel, and there was no maritime lien covering the same. The furnishing or doing of the things being provided for by the state statute for which a lien was given, which statute covered the field not embraced by a maritime lien, such state statutes are not opposed to any provision of the Constitution or statutes of the United States.

The judgment of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.