BRYAN ROACH AND DENNIS LONG, COMPOSING THE FIRM OF ROACH & LONG, LIBELLANTS AND APPELLANTS, v. WILLIAM CHAPMAN AND OTHERS, CLAIMANTS OF THE STEAMER CAPITOL, AND DANIEL EDWARDS AND JOSEPH MAILLOT, SURETIES.

Where a steamboat was built at Louisville, in Kentucky, and the persons who furnished the boilers and engines libelled the vessel in admiralty in the District Court of the United States for the eastern district of Louisiana, that court had no jurisdiction of the case.

A contract for building a ship, or supplying engines, timber, &c., is not a maritime contract.    This court so decided in 20 Howard, 400, and now reaffirms that decision.

The State law of Kentucky, which creates a lien in such a case, cannot confer jurisdiction on the courts of the United States; and the preceding decisions of this court do not justify an inference to the contrary.

THIS was an appeal from the Circuit Court of the United States for the eastern district of Louisiana, sitting in admiralty.

The steamer Capitol was libelled in the District Court of the United States for the eastern district of Louisiana, by Roach & Long, residing at Louisville, in Kentucky.    The libel was filed under the general admiralty law and the law of the State of Kentucky for $2,347.48, part of the price of the engine and boilers of the steamer Capitol, furnished at Louisville.    The District Court sustained the claim, but the Circuit

Court reversed the decree, and dismissed the libel for want of jurisdiction.   The libellants appealed to this court.

The case was argued for the appellants by *Mr. Benjamin*, no counsel appearing for the appellees.

*Mr. Benjamin* made the following points:

1. As to the existence of a lien in favor of the builder, under the general maritime law, the adverse opinion of the Circuit Court will not be called in question, as the decision of this court in the case of the People's Ferry Co. of Boston *v.* Beers et al., 20 Howard, 393, must be considered as conclusive on this point.

2. But a lien in this case was given both by the law of the State of Kentucky, where the boat was built, and by that of the State of Louisiana, where she was intended to be employed, and where the libel was filed.

> Revised Statutes of Kentucky, 143, sec. 2.
> La. Civ. Code, 3204.

This lien, under the law of Kentucky, where the contract for the work was made, was available for one year only from the time the cause of action accrued, as against a purchaser without actual notice, or such constructive notice as is afforded by endorsement on the enrolment.

The libel was filed before the adoption of the new twelfth rule in admiralty, which took effect only on the 1st May, 1859.

> 21 Howard's Rep., 4.

The cause of action accrued on the 5th January, 1855, and the libel was filed within the year, viz: on the 15th December, 1855.

3. The District Court, sitting in admiralty, had jurisdiction to enforce this lien.

> Read *v.* the hull of a new Brig, 1 Story, 244.
> Davis *v.* a new Brig, Gilpin's R., 473, 536.
> The Young Mechanic, 2 Curtis, 402.
> The Richard Busteed, 21 Law Reporter, 601.
> 1 Parsons on Mar. Law, 501, 499, note.
> 2 Parsons on Mar. Law, 504, 505, 639, and seq.

The Steamboat Superior, 1 Newberry, 176.

The Propeller Chs. Mears, 1 Newberry, 197.

4. The lien thus created was not divested by the departure of the vessel from the port of Louisville, nor by any subsequent change of ownership, nor by virtue of any provision of the law of Louisiana, if asserted within a reasonable period, and without laches.

Liens of material men follow the vessel into whatever hands it passes.

1 Parsons on Mar. Law, 500, note.

Sheppard *v.* Taylor, 5 Peters, 675.

The Sloop Canton, 21 Law Rep., 475.

The Barque Chusan, 2 Story, 456.

But in the present case there has been no bona fide change of ownership.

The vessel really belongs to the party to whom the engines were furnished. This being the case, there is no conflict with the law of Louisiana, as supposed by the circuit judge. Such conflict could only exist if the rights of third persons were involved.

5. The taking of drafts for the unpaid balance of the price of the engines was no waiver of the lien. The drafts were offered to be surrendered at the hearing in the District Court.

The Brig Nestor, 1, Sumner, 73.

The Barque Chusan, 2 Story, 455.

Leland *v.* Ship Medora, 2 Woodb. and Minot, 92.

Raymond *v.* Schr. Ellen Stewart, 5 McLean, 269.

Sutton *v.* the Albatross, 2 Wallace, 327.

Ramsey *v.* Allegre, 12 Wheaton, 611.

Mr. Justice GRIER delivered the opinion of the court.

The libellants claim to have a lien on the steamboat Capitol, for a balance due them for machinery furnished in her construction. The boat was built at Louisville, Kentucky, and the libellants furnished the boilers and engines. Payments were made as the work progressed, and bills of exchange taken for the balance due after the vessel was completed. These were not paid. The boat left the port and the State,

and was afterwards sold, and became the property of the claimants.

Among other things, the claimants pleaded to the jurisdiction of the court. This plea was sustained by the Circuit Court.

. A contract for building a ship or supplying engines, timber, or other materials for her construction, is clearly not a maritime contract.

Any former dicta or decisions which seemed to favor a contrary doctrine were overruled by this court, in the case of the People's Ferry Co. *v.* Beers, (20 How., 400.)

It is said here, that the law of Kentucky creates a lien in favor of the libellants; and that, as this case originated before the adoption of our rule, which took effect on the first of May, 1859, it may, upon the principles recognised by this court in Peyroux *v.* Howard, (7 Peters, 343,) be enforced in the admiralty. But (to quote the language of the court in Orleans *v.* Phoebus, 11 How., 184) "that decision does not authorize any such conclusion. In that case, the repairs of the vessel, for which the State laws created a lien, were made at New Orleans, on tide waters. The contract was treated as a maritime contract, and the lien under the State laws was enforced in admiralty, upon the ground that the court, under such circumstances, had jurisdiction of the contract, as maritime; and then the lien, being attached to it, might be enforced according to the mode of administering remedies in the admiralty. The local laws can never confer jurisdiction on the courts of the United States."

It is clear, therefore, that the judgment of the Circuit Court, dismissing the libel for want of jurisdiction, must be affirmed, without noticing other questions raised by the pleadings.