FREDERICK M. WILSON et al., Respondents, *v.* GEORGE W. LAWRENCE et al., Appellants.

A sailing vessel, in process of construction, was launched before it was completed, and thereafter the plaintiff contracted to furnish her with sails, as part of and to complete the work of construction. She was then drawn out of the water and again put upon the ways, and while there her construction was completed and the sails furnished. *Held*, that the contract was not a maritime one; and that a lien upon the vessel for the price of the sails, perfected in accordance with the provisions of the act of 1862 (chap. 482, Laws of 1862), was valid and enforceable.

(Argued October 1, 1880; decided November 9, 1880.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiffs, entered upon a decision of the court on trial without a jury. (Reported below, 18 Hun, 56.)

This action was upon a bond executed by defendants to discharge a warrant issued in proceedings under the act, chapter 482, Laws of 1862, to enforce a lien against the schooner "La Ninfa."

During the summer of 1877, Fred Beach was engaged in the construction of the schooner "La Ninfa," at Port Jefferson, in Suffolk county, Long Island, and on the 18th day of September, 1877, she was launched without any sails, and incomplete in other respects. On the 2d day of October, Beach made a contract with the plaintiffs to furnish new sails for the vessel, and while they were being made the vessel was drawn out of the water and again put on the ways to be finished, and while she was there the sails were furnished. After her completion she was again launched and taken to New York about the middle of November. Within twelve days after the vessel left Port Jefferson the plaintiffs filed in the office of the county clerk of Suffolk county specifications for a lien in pursuance of said act. On the 28th of November, 1877, the plaintiffs obtained a warrant for the enforcement of their lien, and the vessel was seized under it by the

sheriff of the county of New York. Thereupon, to procure her discharge from the seizure, the bond in question was given.

Further facts appear in the opinion.

*Edward Seymour* for appellants. The contract in question is a maritime one, and the proceeding instituted *in rem* under the State law is void and contrary to article 3, subdivision 1, Constitution United States, and section 9, judiciary act 1789. (20 How. [U. S.] 393; *Morewood et al.* v. *Enequist*, 23 id. 491; 20 How. 393; *Roach* v. *Chapman*, 22 id. 129; *People's Ferry Co.* v. *Beers*, 20 id. 400; *The Insurance Co.* v. *Dunham*, 11 Wall. 1; *Edwards* v. *Elliott*, 21 id. 532; *Lottawance Case*, 6 id. 592; 4 Wash. 454, *curia;* 3 Benedict, 163, 165; 5 id. 60, 72; 1 Blatchf. 579; 3 id. 529.) The act of 1862 cannot be extended by implication to cases not strictly within its operation. Its provisions must not only be strictly construed, but strictly pursued by those seeking to enforce a lien under it. (Bend. Adm. Pra. [2d ed.], § 222; *Phillips* v. *Wright*, 5 Sandf. 360; *The Propeller "Charles Mears,"* 1 Newburg's Adm., pp. 199, 204, ¶ 2.)

*Enos N. Taft* for respondents. A contract to supply materials for the building of a vessel is not a maritime contract, and as to such contracts the lien law is applicable. (*Roach* v. *Chapman*, 22 How. [U. S.] 129; *Edwards* v. *Elliott*, 21 Wall. 552; *Cunningham* v. *Hall*, 1 Clifford, 46–47; *The "Orpheus,"* 2 id. 35; *The "Antelope,"* 2 Ben. 405; *Foster* v. *Ellis*, 5 id. 3; *The "Fort Wayne,"* 1 Bond. 446; *King* v. *Greenway*, 71 N. Y. 413–17; *Sarchet* v. *The Sloop "Davis,"* Crabbe, 199–202.)

FINCH, J. The principal question in this case is whether the contract to furnish the schooner La Ninfa with sails was a land contract, or purely maritime. It is conceded that the case is one of admiralty jurisdiction, and the lien sought to be enforced under the State law must wholly fail, unless the contract for

sails was a land contract. The authorities are very clear that an agreement for the building and construction of a vessel is not maritime. (*People's Ferry Co.* v. *Beers*, 20 How. [U. S.] 402; *Roach* v. *Chapman*, 22 How. 129; *Morewood* v. *Enequist*, 23 id. 491; *Edwards* v. *Elliott*, 21 Wall. 532; *Cunningham* v. *Hall*, 1 Cliff. 46; *Young* v. *The Orphans*, 2 id. 29.) The learned counsel for the appellant does not deny that the rule as stated is finally settled, but opposes the lien with the argument that the furnishing of sails after launching is not a contract, which relates to the building or construction of a vessel, and cites the decisions of our own State as authority for the distinction. (*Sheppard* v. *Steele*, 43 N. Y. 52; *Brookman* v. *Hamill*, id. 554; *Happy* v. *Mosher*, 48 N. Y. 133; *King* v. *Greenway*, 71 id. 417.) In the discussion of these cases the several contracts were spoken of as made respecting a vessel "before launching; while yet on the ways;" while "unfinished on the ways;" when "not launched." But these expressions were used because in those cases such was the fact, and not with any view of declaring a rule that after launching every contract relating to a vessel is purely maritime. It is doubtless true that before launching the contracts for construction are more easily and strongly shown to be land contracts but no case holds that the work of building or constructing a vessel cannot proceed after the launch. Indeed no case could hold that for it is purely a question of fact. A vessel may be unfinished when launched, and the work of building may continue while she is in the water. The question in this case, therefore, is, did it so continue, and was the contract for sails one relating to the building of the vessel? There is evidence that after the launch work continued upon the schooner; that she was drawn out of the water and put again upon the ways and while there caulked, painted and fastened; and the sails in question furnished to her. It is further shown that she was a sailing vessel; that the sails were furnished to complete her building, and were a part of her construction. Based upon this evidence the court below found as a fact that the owner of the schooner had contracted a debt to the plaintiffs for certain sails, mate-

rial, and labor for or toward the building of said vessel. The finding was warranted by the evidence, and settles the fact for the purposes of this appeal. Assuming it, therefore, to be true that the work of construction did not stop when the vessel was launched, and that the building continued, we see no difficulty · in the conclusion that the sails were furnished as part of the process of construction. In *Roach* v. *Chapman* (*supra*), an engine and boilers were furnished, and the court held that "a contract for building a ship, or supplying engines, timber, or other materials for her construction, is clearly not a maritime · contract." If an engine is an essential part of the construction of a vessel propelled by steam, why are not the sails an essential part of the construction of a sailing vessel? Is the ship, without these necessary aids any more built, or constructed, in the one case than the other? In *Edwards* v. *Elliott* (*supra*), the general subject is very carefully discussed, and the court say "no reason is perceived why a contract to build a ship, any more than a contract for the materials of which a ship is composed, or for the instruments or appurtenances to *manage* or *propel* the ship, should be regarded as maritime" (p. 554). We are satisfied, therefore, that the contract in this case was a land contract and that the lien attached.

Some technical objections to the plaintiffs' proceedings were raised but need not be considered, as the giving of the bond was a waiver of any technical defect in the prior proceedings. (*Happy* v. *Mosher*, 48 N. Y. 318.)

We have examined the exceptions to the admission of evidence, and do not think they raise any question necessary to be considered.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.