## THE PIONEER.[1]

## HUISMANN v. THE PIONEER.

*(District Court, E. D. New York.   November 22, 1886.)*

MARITIME LIENS—SUPPLIES—STEAM-DREDGE A "VESSEL."
    A steam-dredge is a vessel, within the meaning of the law, and, as such, subject to a maritime lien for supplies.

In.Admiralty.
*Noah Tebbetts*, for libelant.
*Goodrich, Deady & Goodrich*, for claimants.

BENEDICT, J.   This is an action to enforce a lien against the dredge Pioneer for provisions supplied for the support of the crew while engaged in working the dredge.   The decisive question of the case is whether the Pioneer is a vessel, within the meaning of the law.   The Pioneer is a scow, with deck, bottom, and sides so constructed as to enable her to navigate the water.   Built into her is a steam-shovel, which is worked by a steam-engine located on the scow.   She is a dredge used for the purpose of moving the steam-shovel from place to place, upon navigable water, and maintaining the same afloat while being operated to deepen the channel by shoveling up sand, mud, and silt, from the bottom, and depositing the same in other scows.   It is evident that, without the ability to navigate and transport the shovel and engine on navigable water, secured by the method of her construction, the structure in question could not perform the work for which it was intended, and, without this ability, the shovel would be substantially useless; while, on the other hand, without the steam-shovel, the scow would still be available as a vehicle of commerce.   A certain form and certain characteristics have been given her, for the sole purpose of enabling her to navigate the water, and to transport from place to place and maintain afloat the shovel placed upon her; and her occupation is to transport and maintain afloat on navigable water the shovel, the engine, and the coals used to work the engine.   It is also to be observed that the shovel is devoted to the purpose of deepening the channels of navigable water, an occupation in itself incident to navigation.   I have been referred by the claimant to the case of *The Dredge Nithsdale*, decided by the maritime court of Ontario, in 1879, where a structure similar to this was held not to be a vessel.   I judge from the opinion in that case that the decision was affected by the fact that the question before the court was narrowed to the definition of a ship or vessel used in the navigation, as expounded in the interpretation clause of the vice-admiralty court act, 1863.   But, however this may be, I am unable to agree with the conclusion there arrived at.   As I understand it by the law of the United States, the absence from the

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

dredge of a natural power of propulsion; the fact that she is not propelled by oars or sails; that she is flat bottomed; that she is engaged in harbors, rivers, and docks; that she has to be moved to a distance by means of a tug; that she had no power of her own to be moved; that she is not, and cannot be, a sea or lake going vessel,—neither of these facts, nor all together, require the conclusion that she is not a vessel. The dredge before the court in this case is adapted to be an instrument of transportation on navigable water, and was used in naval transportation when she transported from place to place the steam-shovel and engine, and maintained the same afloat on navigable water, while being used for the purpose of deepening channels. She is within the definition of a vessel given by the Revised Statutes, tit. 1, *c.* 1, for she is an artificial contrivance, used, or capable of being used, as a means of transportation on water. In my opinion, her legal *status* is that of a vessel.

In the case of *The Alabama*, reported in 22 Fed. Rep. 449, a dredge similar to the one here under consideration was held to be a vessel, within the meaning of the law.

Let there be a decree for the libelant for the amount of his bill, viz.: $105.18.