## In re GLENMONT.

*(District Court, D. Minnesota. November 1, 1887.)*

**MARITIME LIEN — CONSTRUCTION OF VESSEL — ORIGINAL CONTRACT — MATTERS INCLUDED.**

A month after the hull of the steam-boat was built, and the propelling power put in, the libelant furnished her with stores, fuel, tiller-line, check-line, copper wire, packing for machinery, pails for roof, beds, and bedding, etc. On the day this outfit was received the boat made her first trip. It did not

appear that the original contract included these materials. *Held*, that the original construction of the boat contemplated all the materials furnished to make the vessel serviceable from the beginning, and that no maritime lien existed.

In Admiralty.

The libelants, Hanson & Linchan, of Dubuque, Iowa, claim a maritime lien against the Glenmont for stores, fuel, tiller-line, check-line, copper wire, packing for machinery, pails for roof, beds, and bedding, etc., furnished to enable the vessel to perform her intended voyage. The boat was built at Dubuque, and was finished on April 23, 1885, by the outfitting above stated, and on that day started on her first trip to Stillwater, in the state of Minnesota. The owners of the boat were Roman, of Camanche, Iowa, and Gillespie & Harper, of Stillwater, Minnesota, and on August 17, 1885, they sold her to the claimants, Laird & Norton, of Winona, Minnesota. The libelants urge that a maritime lien exists for the articles furnished. The claimants insist that the materials designated were furnished in the original construction and equipment of the Glenmont, for which there is no maritime lien. Several other defenses were interposed. The suit was decided upon the first defense.

*Dan W. Lawler*, for libelants.

*Clark, Eller & How*, for claimants.

NELSON, J. The libel is filed to enforce a lien claimed for equipment of the steam-boat Glenmont, after the hull was launched, and before any trip. The hull of the steam-boat was built, and the propelling power put in, under a contract, as I understand the evidence, a month or more before the materials, for which a maritime lien is claimed, were furnished. The terms of the construction contract are not disclosed, but the original contract did not include the materials and outfit, a lien for which is now asserted.

The question presented for determination, and the only one, in my opinion, is whether the materials furnished are a part of the original construction to complete the structure, and make it a vessel serviceable for the navigation contemplated, or was the steam-boat entirely complete and adapted for the intended use at the time the materials were furnished by the libelants.

I cannot doubt that the materials furnished were necessary, according to the original design, and the steam-boat would not be suitable for the navigation intended without the tiller-rope, check-line, bedding, etc., included in the libelants' bill of items. The original construction of the boat contemplated all the materials furnished to make the vessel serviceable from the beginning, and no maritime lien exists. The question presented was settled in *Ferry Co. v. Beers*, 20 How. 393; *Edwards v. Elliott*, 21 Wall. 532; *Roach v. Chapman*, 22 How. 129; *Morehead v. Enequist*, 23 How. 494. See *The Pacific*, 9 Fed. Rep. 120; *The Norway*, 3 Ben. 163; *The Count de Lesseps*, 17 Fed. Rep. 460. *The Eliza Ladd*, 3 Sawy. 519, is not in harmony with the above cases.

The libel is dismissed, with costs, and a decree so ordered.