## THE J. C. RICH.[1]

### SCOTT *v.* THE J. C. RICH.

*(District Court, S. D. Alabama.* February 18, 1891.)

1. MARITIME LIEN—STATE STATUTE.
    The liens declared by state statute are enforceable in admiralty only if attached to contracts maritime in their nature.
2. SAME—CONSTRUCTION OF VESSEL.
    A contract for the building and equipment of a vessel is non-maritime in its nature, and a lien therefor created by state statute is not enforceable in admiralty.

In Admiralty. Libel *in rem*.
*Pillans, Torrey & Hanaw* and *J. I. Clemmons*, for claimants.
*W. D. McKinstry* and *L. H. Faith*, for libelant.

TOULMIN, J. This suit is brought by libelant to recover a sum of money claimed to be due him for work and labor done as ship carpenter under a contract with the owner of said tug. The proof shows that the work was done on the vessel in completing her construction, and rendering her fit for the uses for which she was designed. It shows that the tug, when partly constructed, was launched and sunk for preservation; that she was then without shoe, rudder, engine, stern-plate, house, steer-ing-gear, bunks, or boilers; that she remained in this condition some considerable time, was subsequently raised, and libelant contracted to do certain necessary carpenter's work to complete her. She was not enrolled and licensed and finished as a complete vessel, as originally designed, until after libelant's work on her. The proof further shows that from the laying of her keel she was destined to become a steam-tug, was suita-ble for nothing else, was never completed for any other use, and had not been used for the purposes of commerce and navigation until after the work done on her by the libelant. What the libelant did, therefore, must be held to have been done in the original construction of the vessel. In order to the existence of the admiralty jurisdiction in this court, the

---

[1] Reported by Peter J. Hamilton, Esq., of the Mobile bar.

claim must be maritime in its nature, and the lien must exist either under the admiralty or the local law. The jurisdiction of the admiralty depends in contract on the maritime character of the contract. *The Pacific*, 9 Fed. Rep. 120; *The De Lesseps*, 17 Fed. Rep. 460; *The Glenmont*, 32 Fed. Rep. 703; *The Royal George*, 1 Woods, 290; *The Madrid*, 40 Fed. Rep. 677. A contract for the building and equipment of a vessel is essentially non-maritime. Authorities cited *supra*, and *Roach* v. *Chapman*, 22 How. 129; *Ferry Co.* v. *Beers*, 20 How. 393; *Edwards* v. *Elliott*, 21 Wall. 532. The work, being done in the original construction of the vessel, is not maritime in its nature, and does not give rise to a maritime contract. Nor can it be made so by the state statute, the only effect of which is to attach a lien to a contract originally maritime in nature, and not to make a contract maritime which is not so originally. So the cases cited have expressly adjudged.

The libel in this case must be dismissed, and it is so ordered.