THE STARBUCK.

EVANS et al. v. THE STARBUCK.

(District Court, E. D. Pennsylvania. May 4, 1894.)

No. 26.

ADMIRALTY JURISDICTION—DREDGE AND SCOWS.
    A dredge and her scows are to be treated as one concern, and are subject to libel in admiralty for wages.

This was a libel by Evans and others against the dredge Starbuck to recover wages.

John Q. Lane and Jos. Hill Brinton, for libelants.
Henry R. Edmunds, for respondent.

BUTLER, District Judge. The claims are for wages. The respondent is a dredge, working in the water with the usual accompaniment of scows. That a dredge and her scows are to be treated as one concern, and are subject to the admiralty jurisdiction has been several times decided, and I think rightly. To discuss the subject would be waste of time. The question of admiralty jurisdiction has been so fully considered that nothing new can be added. The fol-

lowing cases present the subject in every aspect in which it has arisen or is likely to arise: The Pioneer, 30 Fed. 206; The Alabama, 19 Fed. 544; Endner v. Greco, 3 Fed. 411; Disbrow v. The Walsh Brothers, 36 Fed. 608; The General Cass, 1 Brown, Adm. 334 [Fed. Cas. No. 5,307]; McNamara v. The Atlantic, 53 Fed. 607; Two Barges, 46 Fed. 204; The Hendrick Hudson, 3 Ben. 419 [Fed. Cas. No. 6,335]; The Alabama, 22 Fed. 449; Wood v. Two Barges, 46 Fed. 204; The W. F. Brown, Id. 290; The Dick Keys, 1 Biss. 408 [Fed. Cas. No. 3,898]; The Kate Tremaine, 5 Ben. 60 [Fed. Cas. No. 7,622]; A Floating Dry Dock, etc., 22 Fed. 685; The Old Natchez, 9 Fed. 476; Cope v. Dry Dock, 10 Fed. 142.

The claim of Evans is acknowledged to be correct and is allowed. The claim of Clements will be allowed to date of respondent's seizure.