### THE BIG JIM.

#### BAKER et al. v. THE BIG JIM.

(District Court, E. D. Pennsylvania. May 4, 1894.)

No. 60.

ADMIRALTY JURISDICTION—MARINE PUMP.

> A marine pump, which is weighted with heavy ballast, so as to rest on piles, but capable of floating and being towed from place to place, and which is used for sucking mud from beneath the water or from scows alongside, and forcing it by steam power onto the adjacent land, is not a subject of admiralty jurisdiction.

This was a libel by Baker and others against the marine pump Big Jim to recover wages.

John Q. Lane, for libelants.

Henry R. Edmunds, for respondent.

BUTLER, District Judge. The claim is for wages on the "Big Jim" a marine pump, resting on piles, driven in the ground under water at League Island. She was weighted with heavy ballast to keep her in place while at work. She was capable of being towed from place to place, where her services were needed, and had been so towed. She was used to suck mud from the bottom of the water, or from scows alongside, and force it by steam power on the adjacent land. A fuller description seems unnecessary. She had none of the characteristics, and was not capable of performing any of the services of a vessel. In my judgment admiralty has no jurisdiction of the libelants' claims. To extend it to such a case would carry it beyond proper limits. For a discussion of the general subject I refer to the cases cited in Evans v. The Starbuck (just decided by the court) [61 Fed. 502].