## THE PARADOX.

### JOHNSON ENGINEERING & FOUNDRY CO. v. THE PARADOX.

(District Court, S. D. New York. June 13, 1894.)

MARITIME CONTRACT—"BUILDING" OF VESSEL.

A contract for the machinery of a vessel is not enforceable in admiralty, where such machinery was supplied for the completion of the construction of the vessel, and such vessel was not then completed for the purpose for which she was intended.

In Admiralty. Libel for materials and supplies.

Hoadly, Lauterbach & Johnson, for libelant.
Benedict & Benedict, for respondent.

BROWN, District Judge. The libelant furnished machinery to the yacht Paradox. If the supply of machinery is to be deemed a part of the "building" of the vessel, the contract, by the settled law of this country, is not a maritime contract, and cannot be enforced in this court. Though the state law gives a lien for building a vessel, the lien can be enforced in the state courts alone.

The Paradox was designed and built for the purpose of experimenting with a system of water-jet propulsion, patented by J. S. Morton. The libelant company, and its immediate predecessor, contracted to put in the propelling machinery. The original contract was made with the preceding company before the vessel was launched; and the libelant, the succeeding company, took up and finished what the former left undone. The evidence leaves no doubt that all the machinery was contracted for and supplied for the purpose of completing the construction of the vessel as an experimental yacht, in accordance with the original design. The libelant's officers understood this from the beginning. After the hull, constructed by other persons, was sufficiently advanced, it was launched, towed to the libelant's yard, and the machinery there put in by the libelant company, and by the preceding company, with changes of detail from time to time in the course of construction so as to make the machinery as efficient as possible.

In the case of The General Cass, 1 Brown, Adm. 334, Fed. Cas. No. 5,307, Longyear, J., says:

"The true criterion by which to determine whether any water craft, or vessel, is subject to admiralty jurisdiction, is the business or employment for which it is intended, or is susceptible of being used, or in which it is actually engaged, rather than its size, form, capacity, or means of propulsion."

When the vessel is completed for the purpose intended, then the vessel is "built," and not till then; whether it be a steamer, a sailing vessel, a barge, a scow, or a mere float designed to support and transport a bath house (The Public Bath No. 13, 61 Fed. 692); and whatever is supplied to such a vessel for the purpose of making it what it was intended to be, and to enable it to enter upon the kind of business or navigation intended, is a part of the "building" of the vessel. This is the clear weight of authority. The case seems to me to be entirely within the decisions of Roach v. Chapman, 22 How. 129; In re Glenmont, 32 Fed. 703; The Pioneer, 30 Fed. 206; The Iosco, 1 Brown, Adm. 495, Fed. Cas. No. 7,060; Wilson v. Lawrence, 82 N. Y. 409; in which cases all the suggestions and arguments of the libelants seem to me to be met and overruled.

I much regret the necessity of this conclusion in the present case; but it seems unavoidable upon the authorities, and I must, therefore, dismiss the libel, though without costs, as not based upon a maritime contract, and hence not within the jurisdiction of this court.