## THE WILLIAM WINDOM.

### MARMANN v. THE WILLIAM WINDOM.

(District Court, N. D. Iowa, E. D. April 28, 1896.)

ADMIRALTY JURISDICTION — LIENS GIVEN BY STATE STATUTES — ORIGINAL CONSTRUCTION OF VESSEL.

A lien given by a state statute for labor done in the original construction of a vessel, even after she is launched, is not enforceable in the federal admiralty courts, for the contract is not of a maritime nature, the vessel not yet having become engaged in commerce. Ferry Co. v. Beers, 20 How. 393; Roach v. Chapman, 22 How. 129; and Edwards v. Elliott, 21 Wall. 532,—applied.

This was a libel in rem by Peter Marmann against the William Windom to enforce an alleged lien for labor performed upon her as a machinist. The cause was heard on exceptions to the amended libel for want of jurisdiction.

Duffy & Maguire, for libelant.

Lyon & Lenehan, for claimant.

SHIRAS, District Judge. The questions discussed by counsel on the hearing of the exceptions to the libel filed in the above-entitled case arise upon the following facts: The Iowa Iron Works, a corporation created under the laws of the state of Iowa, and engaged in the building and equipping of steam vessels, its principal place of business being at Dubuque, Iowa, entered into a contract with the United States for the construction of a steel-hulled propeller, intended for use in connection with the revenue service of the government. Until completed and accepted by the United States, the title and

ownership of the vessel remained in the Iowa Iron Works. Some time since, the hull of the vessel being sufficiently completed, the boat was launched, and placed in what is known as the "Ice Harbor," at Dubuque, the same being part of the Mississippi river, and the boat was formally named the William Windom, and the work of completing the vessel was proceeded with. After the boat had been launched as stated, one Peter Marmann, at the request of the owner of the boat, performed labor as a machinist in completing the equipment of the boat, and on the 28th day of September, 1895, he filed the libel in this case to enforce a lien for the amount due him for the work and labor by him done as stated, upon the ground that the statutes of Iowa gave him a lien upon the vessel, which he could enforce by a proceeding in rem in this court as a court of admiralty. A warrant of arrest was duly issued, under which the marshal seized the boat, and thereupon the Iowa Iron Works, as the owner thereof, intervened as claimant, and released the boat by executing a bond in the usual form. The claimant now excepts to the libel upon several grounds, the first being that the court, as a court of admiralty, has not jurisdiction; that for labor done or material furnished in building a boat no remedy can be had in admiralty, because, in effect, the contract therefor is to be performed on the land, and is not maritime in its substance or nature, and that, when the labor was done by libelant, the construction of the boat had not been completed to such an extent that it could be recognized as a boat or vessel, within the meaning of the term as used in the law maritime; and, further, even if the first ground of exception, to wit, that of want of jurisdiction, should be overruled, that it appears from the libel that the work and labor performed by libelant was performed in the home port, and therefore, under the maritime law, no lien upon the vessel was created thereby, and that the statutes of Iowa do not give or create a lien for such work and labor, and, there being no lien existing in favor of libelant, there is not foundation for a proceeding in rem, and therefore the libel must be dismissed.

The first question to be considered is that of jurisdiction, or, in other words, the question is whether this court, as a court of admiralty, has jurisdiction to enforce, by a proceeding in rem, a lien claimed by one who has furnished material or performed work or labor in the original construction of a vessel intended to ply upon waters within the admiralty jurisdiction of the United States. The primary point to be determined is whether the contract, express or implied, upon which the material was furnished or labor was done, so far pertained to matters of commerce and navigation as to be deemed a maritime contract. In Ferry Co. v. Beers, 20 How. 393, was presented the question whether a court of admiralty would have jurisdiction over a proceeding in rem to recover a sum due for the construction of the hull of a vessel, and it was held that the jurisdiction did not exist, it being said in the course of the opinion that "the admiralty jurisdiction, in cases of contracts, depends primarily upon the nature of the contract, and is limited to contracts, claims, and services purely maritime, and touching rights and duties appertaining to commerce and navigation." In Roach v. Chapman, 22 How.

129, the question arose upon a libel filed to enforce payment for boilers and engines furnished in the original construction of a boat, and the supreme court held that jurisdiction did not exist, saying that "a contract for building a ship, or supplying engines, timber, or other materials for her construction, is clearly not a maritime contract." In Edwards v. Elliott, 21 Wall. 532, the general question came again before the supreme court, and it was expressly held that "a maritime contract does not arise in a contract to build a ship, or in a contract to furnish materials for that purpose." To the same effect is the ruling in Norton v. Switzer, 93 U. S. 355–366. Under the doctrine of these cases it must be held that a contract for the original building of a ship cannot be held to be a maritime contract; and therefore a lien based thereon, whether it be created by the contract of the parties or by the provisions of a state statute, is not enforceable by a proceeding in rem. The lien may exist, but, if it does, it is not of a maritime nature, and the remedy for its enforcement must be sought in a court of law or equity.

Counsel for the libelant have earnestly pressed upon the attention of the court the decision of Judge Deady of the district of Oregon in the case of The Eliza Ladd, 3 Sawy. 519, Fed. Cas. No. 4,364, wherein it was held that a contract to furnish materials to finish and equip a vessel after the same had been launched was of a maritime nature, and that a lien therefor, created by the statutes of the state of Oregon, was enforceable in a proceeding in rem. The learned judge bases his reasoning in that case largely upon the assumption "that by the general maritime law of the civilized world a contract to build a ship is a maritime contract, because it has relation to a ship as the agent or vehicle of commerce upon a navigable water." In Edwards v. Elliott, 21 Wall. 532–554, the supreme court expressly holds that, while this was the rule under the civil law, it had never been adopted as the rule in England or in this country, but, on the contrary, since the decision of the supreme court in the cases of The Jefferson (Ferry Co. v. Beers) 20 How. 393, and Roach v. Chapman, 22 How. 129, the settled rule is that a contract for the original construction of a ship, or for furnishing the materials in aid thereof, is not a maritime contract. It would also seem that Judge Deady had been misled in his conclusion by attaching too much importance to the expression used by the supreme court in Ferry Co. v. Beers, 20 How. 393, that a contract for the building of a ship or boat "is a contract made on land, to be performed on land." The true test is not whether the parties, when the contract was made, happened to be on the land or on the water, nor whether the vessel was on the land or in the water when the work was done. In the case of torts the jurisdiction depends on the matter of locality, but in the case of contracts it does not. Thus, in Philadelphia, W. & B. R. Co. v. Philadelphia & H. Steam Towboat Co., 23 How. 209–215, it is said: "The jurisdiction of courts of admiralty in the matters of contract depends upon the nature and character of the contract, but in torts it depends entirely on locality." The test given for determining whether a given contract is or is not maritime in its nature is the question whether it pertains to rights and duties belonging to the

commerce and navigation that are under the control of the national government, including contracts for furnishing repairs and supplies for vessels engaged in such commerce and navigation. The doctrine of the supreme court is that, while a boat or vessel is being orig inally built it is not connected with commerce and navigation in such sense that contracts made for the building the boat, in whole or in part, or for furnishing the labor or materials, can be said to be connected with or have reference to commerce or navigation. Such contracts may be entirely completed, the vessel may be wholly built, and yet may never be used in connection with commerce or naviga tion. A contract, to be of a maritime nature, must be connected with or in aid of commerce and navigation. Merely because it is connected with a ship does not make it maritime. Hence the su preme court holds that contracts connected with the original building and equipping of a ship or boat cannot be held to be of a maritime nature, because they are not, in any proper sense, connected with commerce and navigation. Under the doctrine and rule thus given by the supreme court, it must be held in this case that the contract under which the libelant performed the labor for which he seeks to recover is not of a maritime nature, because the labor performed was in connection with the original construction of the boat, and the Windom, when the labor was done, had not become engaged in any commerce or navigation; and therefore, if the libelant had a lien under the provisions of the state statute, it was not of such a nature that a court of admiralty could take jurisdiction thereof, but it could only be enforced by a proceeding in the state court. The exceptions to the libel on the ground of lack of jurisdiction in this court must therefore be sustained, and the libel must be dismissed.

To prevent a possible misconception of the effect of this ruling, it may be proper to add that this reasoning does not apply to cases wherein the court of admiralty, having properly taken jurisdiction in rem, is proceeding to condemn and sell a ship or other vessel. In such cases, wherein the jurisdiction has once rightfully attached, the court of admiralty can entertain intervening libels on behalf of all parties who have liens on the vessel, regardless of whether such liens are based upon maritime contracts or not.

Libel dismissed, at cost of libelant.