THE INTERNATIONAL et al.

CONNELLY v. THE INTERNATIONAL et al.

(District Court, E. D. Pennsylvania. November 30, 1897.)

CUSTOMS DUTIES—CLASSIFICATION—DREDGES AND SCOWS.
　　Dredges and scows are vessels, and are not dutiable as "goods, wares, and merchandise," under the tariff laws. U. S. v. Dunbar, 14 C. C. A. 639, 67 Fed. 783, distinguished.

This was a libel in admiralty by N. K. & M. Connelly against the dredge International and scows No. 1 and No. 2.

Frank P. Prichard, for libelant.

Francis F. Kane and James M. Beck, for respondent.

BUTLER, District Judge. Are dredges and scows vessels, or goods, wares and merchandise, and subject to the duty imposed by congress on the latter description of property? This is the only question presented. While it has not been directly passed upon by the courts, it has, I think, been indirectly decided. Dredges and scows are held to be water craft; they are intended for, and subject to, use only upon the water, and are consequently so shaped and constructed as to be navigated. That they are without independent means of propulsion is immaterial. In this respect they resemble barges and similar vessels. They are held to be within the jurisdiction of admiralty, subject to the laws of navigation generally, and to the provisions of our statutes relating to the subject. As authority for this statement it is sufficient to refer to the following cases: The Mac, 7 Prob. Div. 126; The Hezekiah Baldwin, 8 Ben. 506 [Fed. Cas. No. 6,449]; Endner v. Greco, 3 Fed. 411; The Alabama, 22 Fed. 449; The Pioneer, 30 Fed. 206; The Walsh Brothers, 36 Fed. 607; Aitcheson v. Endless Chain Dredge, 40 Fed. 253; The Atlantic, 53 Fed. 607; The Starbuck, 61 Fed. 502; Saylor v. Taylor [23 C. C. A. 343] 77 Fed. 476. It is urged, however, by the respondent that this view is inconsistent with section 3, of the Revised Statutes. I do not so regard it. The section reads as follows:

"The word 'vessel' includes every description of water craft or artificial contrivance used, or capable of being used, as a means of transportation on water."

Dredges and scows are "water craft" and valueless except as such; and are "used or capable of being used as means of transportation." It is for these reasons the courts have held them to be subject to admiralty jurisdiction and to the laws of navigation. It is earnestly contended that they are not used, and cannot be used, as "means of transportation." Scows, however, carry cargoes. It is immaterial that the cargoes are generally mud. They are also "capable" of carrying coal, iron and other merchandise. Dredges transport their crews, coal and other supplies, and are "capable" of being used to transport other things. The section applies to whatever falls naturally within the scope of its terms; and scows and dredges do. We cannot limit the scope by speculating about the intent of congress for the purpose of subjecting such water craft to taxation under the provision of tariff laws, which impose a tax on foreign "goods, wares and merchandise." The ordinary sense of the latter terms (and they are used in this sense) does not embrace water craft of any description whatever. The language of the supreme court in the recent case of The Conqueror, 166 U. S. 110 [17 Sup. Ct. 510], on this subject is as applicable here as it was there. The question was not involved in U. S. v. Dunbar [14 C. C. A. 639] 67 Fed. 783, on which the respondent relies. There the dredge was *entered by its owner as an imported article* and claimed to be exempt from duty by the "free list." The collector decided otherwise, and the owner appealed. The only question, therefore, was whether the decision was right; no other could possibly be raised. The property must necessarily be treated as entered. The immaterial statement in the opinion that it was properly entered as an article of foreign manufacture, that it was not a vessel, is entitled to no weight; and the fact that the statement is predicated on the circumstance that the dredge was without independent "means of propulsion" demonstrates its fallacy.