LAWSON & MACMURRAY, Appellant, v. GUSTAV J. RAU and Others, Respondents.

Second Department, June 24, 1927.

Liens — materialman's lien on lumber furnished shipbuilding contractor — stipulation that person for whom boat is being built is to be absolute owner to extent of payments does not affect lienor's rights.

A stipulation in a contract for the construction of a boat, to the effect that the person for whom the boat is being built is to be the absolute owner to the extent of the payments made thereon, does not affect the right of a materialman to a lien on the boat to the extent of the value of materials furnished.

APPEAL by the plaintiff, Lawson & MacMurray, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 24th day of May, 1926, upon the dismissal of the complaint at the close of the entire case, and also from an order entered in said clerk's office on the 25th day of May, 1926, denying plaintiff's motion to set aside "the direction of a verdict."

*Wilbur F. Earp* [*Franz Neilson* with him on the brief], for the appellant.

*James Gillin* [*Henry W. Baird* with him on the brief], for the respondents.

KELLY, P. J.   This action was tried with the case of *Lawson &
MacMurray* v. *Radford* (221 App. Div. 268), decided herewith,
and the views expressed in the opinion filed with our decision
reversing the judgment dismissing the complaint and granting a
new trial in that case, apply to the case at bar.   In the case at bar,
in the contract for construction of the vessel, the shipbuilding
company agrees with defendant Wrege:

" *Second.* That the owner [as Wrege is designated], upon making
the various payments is to be absolute owner of the boat to the
extent of the value of the money paid.   The builder, however,
is to be responsible for damage from any cause while the boat is
in his yard, and is to carry insurance in favor of the owner for an
amount sufficient to cover all payments made.

" *Third.* That in case the builder fails to continue work to such
an extent that it becomes evident that the boat cannot be completed
on or near the time specified, the owner may take possession of
the boat, removing same if desired, allowing the builder for such
labor and materials as he has furnished.   Such failure on the part
of the builder does not relieve him of responsibility in this contract."

The contract between the shipbuilding company and Rau in the
other case did not contain these clauses.   But the statement of
Mr. Baird, defendants' counsel, made at the trial, as to the manner
in which Wrege recovered possession of the vessel in December,
applies to this case as well as to the transaction in the *Rau* case
referred to in the opinion.   That is, he states that " bills of sale "
were given.   And in the case at bar the bill of sale was not intro-
duced in evidence, and despite the reference in the contract to
defendant Wrege as " owner," it is difficult to understand on this
record what bill of sale could be given unless it was a bill of sale
from the shipbuilding company which had theretofore had possession
and, as I think, title to the uncompleted vessel.   The 2d clause in
the Wrege contract (*supra*) may give rise to equities as between
the shipbuilding company and Wrege, or may give Wrege equities
as against the general creditors of the shipbuilding company;
but it is difficult to understand how it can affect the lien of the
materialman for lumber supplied to the shipbuilder, in his possession
and the price of which was unpaid.   None of these matters was
discussed upon the trial or before this court on the appeal.   As in
the other case, we are constrained to reverse the dismissal of the
complaint upon the grounds stated by the learned trial justice,
but on this record we must order a new trial of the issues because
the evidence at the trial as printed in the record cannot be made
the basis of a judgment one way or the other.   Upon a complete
presentation of the case showing the relations between the plaintiff

materialman and the shipbuilding company, the date of the delivery of the lumber for which the lien is claimed, the exact date when the debt became due to the materialman, the trial court may be able to dispose of the case properly.

The judgment and order appealed from should be reversed upon the law and the facts, and a new trial granted, with costs to appellant to abide the event.

YOUNG, KAPPER, LAZANSKY and HAGARTY, JJ., concur.

Judgment and order reversed upon the law and the facts, and new trial granted, costs to appellant to abide the event.